UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL TOPOLSKI

                                          Plaintiff,

    v.
                                                             5:11-CV-1216

J.J. COTRELL, Police Officer,                        (MAD/ATB)
Badge # 0665,

                                        Defendant.
_____

PAUL TOPOLSKI
Plaintiff, *pro se*

ANDREW T. BAXTER, Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court for review this complaint, together with an application to proceed *in forma pauperis* (IFP) from *pro se* plaintiff, Paul Topolski. (Dkt. Nos. 1, 2).

**I.**    **IFP Application**

The statute governing IFP actions provides that the court may authorize the commencement of a civil action without the payment of fees, when the plaintiff files an affidavit that includes a statement that he is unable to pay the required fee or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff in this case has filed a form-motion to proceed IFP. (Dkt. No. 2). A review of the application shows that plaintiff's IFP application may properly be granted.

**II.**    **Complaint**

In his complaint, plaintiff alleges that on September 9, 2009, he was assaulted during his arrest by defendant Cottrell, a Police Officer in the Town of Cicero in

Onondaga County. (Dkt. No. 1 at 7).[1]  Plaintiff also claims that defendant Cottrell placed the handcuffs on plaintiff "extremely" tightly. (*Id*. at 7-8)  Plaintiff alleges that he sustained serious, permanent injuries as a result of this assault. (*Id.* at 8).  The complaint lists five causes of action, based on the same incident, and raising a variety of federal and New York State constitutional claims.  Plaintiff seeks injunctive as well as substantial monetary relief. (*Id.*)  For a more complete statement of the facts, reference is made to the complaint.

### III. Temporary Restraining Order (TRO)

In the body of the complaint, plaintiff states that he "also request [sic] that the court Order . . . pursuant to FRCP 65, a preliminary restraining order: which would permit plaintiff to restrict said Officer J.J. Cottrell . . . from filing chapter 11 bankruptcy . . . until after this complaint is concluded." (*Id.*)  Although the request is a little unclear, based on the liberality with which *pro se* pleadings are treated,[2] this court will address this request.

In order for the court to grant temporary or preliminary injunctive[3] relief, the

---

[1] Plaintiff has attached a self-written complaint to a form- civil rights complaint. (Dkt. No. 1). The court will cite to the pages assigned by the court's electronic filing system (CM/ECF) because the first page of the narrative portion of the complaint appears at pages 7-11 of the document. (*Id.*)

[2] *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (a court is to read a pro se party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest").

[3] It is unclear what plaintiff is seeking because he calls the relief a "preliminary restraining order." (Dkt. No. 1 at 8).  He could be seeking a Temporary Restraining Order or a Preliminary Injunction.  Because he is asking the court to stop defendant from filing bankruptcy pending the resolution of this action, rather than for a short period of time, the court assumes that plaintiff is requesting a preliminary injunction.  The distinction is not determinative because the standards are identical, and plaintiff has not met the burden of proof required for either remedy.

party seeking the injunction has the burden to show: (i) that he is likely to suffer irreparable injury if the injunction is not granted, and (ii) either (a) a likelihood of success on the merits of his claim, or (b) the existence of serious questions going to the merits of his claim and a balance of the hardships tipping decidedly in his favor. *NXIVM Corp. v. Ross Institute*, 364 F.3d 471, 476 (2d Cir. 2004); *Beal v. Stern*, 184 F.3d 117, 122-23 (2d Cir. 1999) (citing *Bery v. City of New York*, 97 F.3d 689, 693-94 (2d Cir. 1996)).

Irreparable harm is "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Import Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 113-14 (2d Cir. 2003). Speculative harm is insufficient to establish irreparable harm. *See Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995). The burden of proving that a TRO or a preliminary injunction should be issued rests entirely on the moving party. *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Liddy v. Cisneros*, 823 F. supp. 164, 173 (S.D.N.Y. 1993)). Preliminary injunctions are "extraordinary and drastic" remedies and must be denied if the moving party has failed to meet his burden of proof. *Id.* (citing *Karmikel Corp. v. May Dep't Stores Co.*, 658 F. Supp. 1361, 1367 (S.D.N.Y. 1987)).

In this case, plaintiff asks this court to enjoin defendant Cottrell from filing bankruptcy. Plaintiff has not established any of the factors required for temporary injunctive relief. It is unclear why plaintiff believes that defendant Cottrell would be filing for bankruptcy. This has nothing to do with the substance of plaintiff's

complaint. Plaintiff may believe that he will secure his ability to obtain monetary relief in this case if defendant Cottrell is "prevented" from filing bankruptcy. However, plaintiff has not shown that this alleged harm is "certain" or "imminent." Plaintiff has not established, either that defendant Cottrell is planning on filing for bankruptcy, or that plaintiff would be irreparably injured if the defendant did file for bankruptcy. Thus, to the extent that plaintiff's complaint may be interpreted as moving for a TRO or preliminary injunction, this court will recommend denying plaintiff's motion.

**WHEREFORE**, based on the above, it is

**ORDERED**, that plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **GRANTED**.[4] The Clerk shall issue a summons and forward it, along with a copy of the complaint to the United States Marshal for service upon the named defendant, and it is further

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendant or defendant's counsel as provided in the Federal Rules of Civil Procedure subsequent to service of process on the defendant, and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service**

---

[4] The court notes that although plaintiff's application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

**which clearly states that an identical copy was served upon all opposing parties or their attorneys may be stricken by the Court.**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

**RECOMMENDED**, that, to the extent that plaintiff's complaint can be read to contain a motion for a TRO or preliminary injunction, it be **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 28, 2011

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge