**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PAUL TOPOLSKI,**

                          **Plaintiff,**

   vs.                                                           5:11-cv-1216
                                                                               (MAD/ATB)

**J.J. COTTRELL, Police Officer, Town of Cicero**
**Police Department,**

                          **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**PAUL TOPOLSKI**
**09-B-3916**
Gowanda Correctional Facility
P.O. Box 311
Plaintiff *pro se*

**TOWNE, RYAN & PARTNERS, P.C.**      **CLAUDIA A. RYAN, ESQ.**
450 New Karner Road                        **JOHN F. MOORE, ESQ.**
P.O. Box 15072
Albany, New York 12205
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On October 7, 2011, Plaintiff commenced a civil rights action pursuant to 42 U.S.C. § 1983, alleging that, on September 9, 2009, Defendant used excessive force during his arrest in violation of both the United States Constitution and New York State Law.  In his complaint, Plaintiff also requests a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure preventing Defendant from filing Chapter 11 Bankruptcy.  In an October 28,

2011 Order and Report-Recommendation, Magistrate Judge Baxter granted Plaintiff's application to proceed *in forma pauperis* but denied his request for a temporary restraining order.

Currently before the Court are Plaintiff's "objections" to Magistrate Judge Baxter's Order and Report-Recommendation.[1]

## II. BACKGROUND

In his affidavit in support of his "Order to Show Cause," Plaintiff claims that,

> [o]n September 9, 2009, at approximately 7:30 pm, defendant Cottrell did have a "preconceived motive" and "exclusive control" of intentionally causing physical injury to plaintiff, and did act with reckless intent while performing his duties under color of law, that once plaintiff came to a stop, Cottrell did maliciously, wontonly and unnecessarily use excessive force, which caused permanent physical injuries to plaintiff, all because of annonymous [sic] 911 call report of a blue ford pickup, . . . [which] was swerving on the road at 1809 hrs[.]

*See* Dkt. No. 14-2 at ¶ 4. Plaintiff claims that Defendant's conduct caused him serious physical injury and that the facts alleged show that he will likely succeed on the merits of his underlying claims. *See id.* at ¶¶ 6-7.

---

[1] On November 9, 2011, the Court received a letter from Plaintiff in which he sought an extension of time to file an "additional motion" for a temporary restraining order. Since Magistrate Judge Baxter treated Plaintiff's complaint as also containing a motion for a temporary restraining order, the Court assumed that Plaintiff was requesting additional time beyond the fourteen days he was provided to file objections to the Order and Report-Recommendation. The Court granted Plaintiff's letter request and allowed him thirty additional days to file his objections.
    On November 23, 2011, the Court received from Plaintiff a document entitled "Order to show cause for preliminary injunction and temporary restraining order." *See* Dkt. No. 14. In the cover letter, however, Plaintiff references the Court's Order granting his request for an extension of time to file objections to the Order and Report-Recommendation. *See id.* In light of Plaintiff's *pro se* status, the Court will consider this additional information that Plaintiff provided in determining *de novo* whether he is entitled to injunctive relief.

2

In order to ensure that he will be able to collect on any judgment he receives against Defendant in this matter, Plaintiff seeks injunctive relief. *See id.* at ¶ 11. Specifically, Plaintiff seeks an order "prohibiting and restraining" Defendant from the following: "Transfer, encumber, assign, remove, withdraw, dis[b]urse, or dispose of his assets (including but not limited to) diss[i]pation of any property, real estate, personal property, cash accounts, stocks, mutual funds, bank accounts, boats, recreational vehicle, retirement accounts or bankruptcy." *See id.*

In his October 28, 2011 Order and Report-Recommendation, Magistrate Judge Baxter found that "Plaintiff has not established any of the factors required for temporary injunctive relief." *See* Dkt. No. 4 at 3. Magistrate Judge Baxter found that Plaintiff has not made clear why Defendant would be filing for bankruptcy and has failed to show that this harm, which is unrelated to the substance of Plaintiff's complaint, is "certain" or "imminent." *See id.* at 4. Finally, Magistrate Judge Baxter found that Plaintiff has not established that he would be irreparably injured even if Defendant did file for bankruptcy. *See id.*

### III. DISCUSSION

**A.     Standard of review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Injunctive relief**

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted). Furthermore, "[a] decision to grant or deny a preliminary injunction is committed to the discretion of the district court." *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 78 (2d Cir. 1994) (citation omitted).

A party seeking a preliminary injunction must establish "'a threat of irreparable injury and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party.'" *Allied Office Supplies, Inc. v. Lewandowski*, 261 F. Supp. 2d 107, 108 (D. Conn. 2005) (quoting *Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 135 (2d Cir. 2003)).

In the present matter, in his memorandum of law in support of injunctive relief, Plaintiff repeatedly makes arguments regarding the validity of his underlying claim for, among other things, excessive force and false arrest, but fails to provide the Court with any facts on why this alleged irreparable harm is anything other than speculative. Nothing in the record, or even in Plaintiff's allegations, suggests that Defendant has attempted to or is in the process of concealing assets so as to ensure that Plaintiff will not be able to collect on any judgment he may receive in this matter. As such, Plaintiff has failed to "make a clear showing of 'immediate irreparable injury' or a 'presently existing actual threat.'" *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d

508, 528 (D.N.J. 1999) (quoting *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994)) (other citations omitted). Although injunctive relief of the nature Plaintiff seeks is appropriate in certain circumstances, such as where the defendant has been shown to be "'insolvent and its assets in danger of dissipation or depletion[,]'" Plaintiff has fallen far short of making such a showing in the present matter. *See Marsellis-Warner Corp.*, 51 F. Supp. 2d at 531 (quotation and other citation omitted).

Based on the foregoing, the Court denies without prejudice Plaintiff's motion for injunctive relief.

### IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's objections thereto and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's October 28, 2011 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for injunctive relief is **DENIED** without prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 30, 2011
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge