**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PAUL TOPOLSKI,**

                                **Plaintiff,**

   vs.                                              **5:11-CV-1216**
                                                      **(MAD/ATB)**

**J.J. COTTRELL,**

                                **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**PAUL TOPOLSKI**
**09-B-3916**
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070
Plaintiff *pro se*

**TOWNE, RYAN LAW FIRM**            **JOHN F. MOORE, ESQ.**
450 New Karner Road
P.O. Box 15072
Albany, New York 12205
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 11, 2011, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Cottrell violated his constitutional rights when he was pulled over and arrested for driving while intoxicated on the evening of September 9, 2009. *See* Dkt. No. 32. On December 29, 2011, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 28-1. On November 21, 2012, Plaintiff filed an amended

complaint. *See id.* In response, Defendant filed a motion to dismiss the amended complaint. *See id.*

Currently before the Court is Defendant's motion to dismiss. *See* Dkt. No. 28-1.[1]

## II. BACKGROUND

On the evening of September 9, 2009, at approximately 7:23 p.m., Defendant Cottrell pulled over Plaintiff because of alleged 911 calls that earlier reported a blue Ford Pickup "swerving all over the road." *See* Dkt. No. 25 at ¶ 4(a). After exiting the Nice and Easy gas station, Plaintiff was immediately pulled over. *See id.*; *see also* Dkt. No. 32. Defendant then ordered him out of his car and instructed him to raise his hands and place them on the hood of his car. *See id.* at ¶ 4(b). Although Plaintiff had complied with Defendant's orders, Defendant nevertheless struck Plaintiff in the head with a hard object causing him to fall and strike his face on the ground. *See id.* Upon hitting the ground, Plaintiff maintains that Defendant approached him from behind and punched the left side of his face multiple times knocking him nearly unconscious. *See id.* Thereafter, Defendant handcuffed Plaintiff and placed him in the patrol car, securing the handcuffs very tightly. *See id.*

After arriving at the police station, photographs of Plaintiff's injuries were taken and, according to Plaintiff, his hands had become very swollen and painful because the handcuffs had been secured too tightly. *See id.* at ¶ 4(c). While at the police station, Plaintiff was asked to blow

---

[1] On July 9, 2012, the Court received a document entitled "Supplemental Pleading F.R.C.P. 15(d), and Request For Judicial Notice F.R.C.P. 201." *See* Dkt. No. 34. Upon review of Plaintiff's submission, it is clear that Plaintiff does not intend for this to be an amended or supplemental pleading, but it is instead more appropriately viewed as a sur-reply to Defendant's motion to dismiss. Although a party generally needs the Court's permission before filing a sur-reply, *see* N.D.N.Y. Local Rule 7.1(b), in light of Plaintiff's *pro se* status, the Court will accept this filing and consider it to the extent that it is relevant.

into a machine to measure his blood alcohol content but was unable to do so because his face was severely swollen. *See id.* at ¶ 4(d). Therefore, Plaintiff was charged with felony driving while intoxicated, aggravated unlicensed operation, and resisting arrest. *See id.* Plaintiff was also charged with six traffic infractions. *See id.* At no point in time while in Defendant's custody was Plaintiff offered medical attention because his injuries were determined to be minor. *See id.*

Four hours after arriving at the police station, Plaintiff was transported to the Onondaga County Justice Center. *See id.* at ¶ 4(e). Upon arrival, Plaintiff was immediately sent to SUNY Upstate Medical Center to have is injuries evaluated. *See id.* According to Plaintiff, after taking X-Rays and C.T. Scans, Nurse Deborah Mann diagnosed Plaintiff with a broken jaw, specifically a fractured "'Lumina Payracea.'" *See id.*

On September 14, 2009, charges of felony driving while intoxicated, resisting arrest, and aggravated unlicensed operator were submitted to the grand jury. *See* Dkt. No. 32. On November 18, 2009, Plaintiff pled guilty to Operating a Motor Vehicle While in an Intoxicated Condition and was sentenced to two-to-six years imprisonment. *See* Dkt. No. 28-1.

On August 11, 2010, Plaintiff brought a number of claims against Defendant in the New York State Supreme Court and sought relief to file a late Notice of Claim. *See* Dkt. No. 28-1. On October 26, 2010, the Hon. Brian F. DeJoseph denied Plaintiff's excuse for failing to file a timely Notice of Claim; and, therefore, Plaintiff's claims were dismissed without a determination of their merits. *See* Dkt. No. 28-1.

## III. DISCUSSION

### A.  Relief under 42 U.S.C. § 1983

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quotation omitted).  Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained.  *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)).  As such, for a plaintiff to recover in a section 1983 action, she must establish a causal connection between the acts or omissions of each defendant and any injury or damages she suffered as a result of those acts or omissions.  *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

### B.  Standard of review

A well-pled complaint will include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this standard, the court must be able to draw reasonable inference from the facts plead that the defendant has engaged in and is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be more than a possibility that the alleged actions took place.  *See id.* (citation omitted).  The facts stated in the complaint must cross the "'line from conceivable to plausible.'"  *Id.* at 680 (quotation omitted).

When a Rule 12(b)(6) motion to dismiss has been filed, all factual allegations in the complaint are accepted as true and the court is generally limited to the facts presented in the pleading. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted). However, the court may consider documents that are "integral" to a pleading even if they are not physically attached. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Upon review the court must draw all reasonable inferences in the plaintiff's favor. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quotation omitted). The court may grant dismissal only if it "appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996).

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**C.     Excessive force and assault and battery**

Plaintiff alleges defendant used excessive force and assaulted and battered him when he arrested him for driving while intoxicated. Assault and battery claims under New York law are analogous to excessive force claims under the Fourth Amendment. *See Cosby v. City of White*

5

*Plains*, No. 04 Civ. 5829, 2007 WL 853203, *6 (S.D.N.Y. Feb. 9, 2007) (citing *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991)).

Under the Fourth Amendment, in order to establish an excessive force claim, an individual must demonstrate that the actions of the arresting police officer were objectively unreasonable in light of the surrounding circumstances. *See Owens v. Colburn*, 860 F. Supp. 965, 972 (N.D.N.Y. 1994) (citation omitted). "The test of 'reasonableness' is not capable of precise definition or mechanical application; therefore, careful attention must be paid to the facts and circumstances of the case." *Id.* (citation omitted). In determining the reasonableness of the officer's conduct, the court is required to consider the following elements: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citations omitted).

Officers are often required to make sudden decisions during hostile or tense encounters that in hindsight may appear overly harsh. *See id.* (citation omitted). Therefore, "'"[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" . . . violates the Fourth Amendment.'" *Owens*, 86 F. Supp. at 972 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (1973), *cert. denied*, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973)) (other quotation omitted).

"Additionally, on an excessive force claim a plaintiff must present sufficient evidence to establish that 'the alleged use of force is "objectively sufficiently serious or harmful enough" to be actionable.'" *Washpon v. Parr*, 561 F. Supp. 2d 394, 406 (S.D.N.Y. 2008) (quotations omitted). "'A de minimis use of force will rarely suffice to state a Constitutional claim.'" *Id.* at 407 (quoting *Roman v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993)). However, force that causes permanent

6

injury or is so serious as to shock the conscious is not considered *de minimis*. *See Wang v. Vahldieck*, No. 09-cv-3783, 2012 WL 119591, *7 (E.D.N.Y. Jan. 9, 2012) (citation omitted).

In the present matter, Plaintiff contends that, upon being pulled over, Defendant ordered him to exit his vehicle with his hands in the air, and to then place him hands on the hood of the vehicle. *See* Dkt. No. 25 at ¶ 4(b). Further, Plaintiff contends that, after complying with these orders, Defendant approached him, struck him with a hard object on the left side of his face, causing him to fall to the ground. *See id.* At this point, Plaintiff alleges that Defendant continued to assault him while on the ground, continually striking the left side of his face. *See id.* Finally, once Plaintiff was nearly unconscious, he was placed in handcuffs, which too tight, and eventually caused his hand to become numb. *See id.* at ¶¶ 4(b)-4(c).[2] As a result of this alleged use of force, Plaintiff contends that he suffered a broken jaw and permanent nerve damage in his hand as a result of the handcuffs being secured too tightly. *See id.* at ¶¶ 4(e)-4(f).

Although Defendant contends that force was only used after Plaintiff resisted arrest and that the force used/injuries sustained are insufficient to support an excessive force claim, Plaintiff has pled sufficient facts to survive Defendant's motion to dismiss. Considering only the well-pled facts, Plaintiff has alleged that he was repeatedly struck by Defendant, after he complied with his orders, that he did not resist, and that, as a result of the force, he suffered a broken jaw and nerve

---

[2] In light of his *pro se* status, the Court has construed Plaintiff's claims relating to the handcuffs being applied in an unreasonably tight manner as included in his excessive force claim, despite the fact that he has alleged that this conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. *See Esmont v. City of N.Y.*, 371 F. Supp. 2d 202, 214 (E.D.N.Y. 2005) (analyzing similar claim under the Fourth Amendment because the Eighth Amendment only applies to convicted persons (citation omitted)); *Younger v. City of New York*, 480 F. Supp. 2d 723, 730-31 (S.D.N.Y. 2007) (holding that "'[t]he Cruel and Unusual Punishments Clause "was designed to protect those convicted of crimes," and consequently the Clause applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"' (quoting *Whitley v. Albers*, 475 U.S. 312, 318-19, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)).

damage. Such facts clearly allege a plausible claim of excessive force. *See Hodge v. Village of Southhampton*, 838 F. Supp. 2d 67, 77 (E.D.N.Y. 2012) (citing cases).

Based on the foregoing, the Court denies Defendant's motion to dismiss Plaintiff's excessive force claim.

To the extent that Plaintiff is attempting to assert a New York State law claim for assault and battery, Defendant is correct that the claim must be dismissed because of Plaintiff's failure to file a notice of claim and because such a claim has a one-year statute of limitations. *See* N.Y. Gen. Munic. Law § 50-j(3); *LaGrange v. Ryan*, 142 F. Supp. 2d 287, 295-96 (N.D.N.Y. 2001) (citations omitted); *Bailey v. Pataki*, No. 08 Civ. 8563, 2010 WL 4237071, *6 (S.D.N.Y. Oct. 26, 2010). As such, the Court grants Defendant's motion to dismiss Plaintiff's state-law assault and battery causes of action.

**D.    False arrest**

"A § 1983 claim for false arrest, . . . including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law[.]" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted). Under both New York law and the Fourth Amendment to the United States Constitution, the elements of a false arrest action are as follows: "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotation omitted).

Defendant does not contest the first three elements. Accordingly, the only question is whether Plaintiff's arrest was "privileged" or "justified." "'Justification may be established by

showing that the arrest was based on probable cause.'" *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003) (quotation omitted). Probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed a crime or is committing a crime.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quotation omitted). "The existence of probable cause must be determined on the basis of the totality of the circumstances, . . . and 'where law enforcement authorities are cooperating in an investigation . . . , the knowledge of one is presumed shared by all.'" *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989) (internal citation and quotation omitted). "An officer retains probable cause to arrest a plaintiff 'even if the probable cause was for a crime different from what the police officers believed to have been committed.'" *Davis v. City of New York*, 373 F. Supp. 2d 322, 330 (S.D.N.Y. 2005) (quotation and other citations omitted).[3]

On November 18, 2009, Plaintiff entered a guilty plea to the charge of driving while intoxicated and, therefore, was convicted of that crime. *See* Dkt. No. 28-1 at 53-59. Plaintiff's guilty plea arising from his September 9, 2009 arrest is conclusive evidence that the arresting officer had probable cause to make the arrest and thus bars Plaintiff's false arrest claim. *See Larocco v. Jackson*, No. 10-CV-01651, 2012 WL 760396, *3 & n.2 (E.D.N.Y. Mar. 12, 2012) (holding that the court may take judicial notice of plaintiff's guilty plea in deciding the defendant's motion to dismiss and granting the motion as to the plaintiff's false arrest claim) (citations omitted). Moreover, the fact that several of the charges were dropped does not change this result.

---

[3] Although probable cause is a defense to both false arrest and malicious prosecution claims, the probable cause analysis for each claim requires a slightly different analysis. Therefore, the Court will analyze Plaintiff's false arrest and malicious prosecution claims separately. *See Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, *4 (E.D.N.Y. June 6, 2005) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569, 571 (2d Cir. 1996)).

*See id.* (citation omitted); *see also Barmapov v. Barry*, No. 09-CV-03390, 2011 WL 32371, *4 & n.5 (E.D.N.Y. Jan. 5, 2011) (citations omitted).

Based on the foregoing, the Court grants Defendant's motion to dismiss Plaintiff's false arrest claim.

### E.     Malicious prosecution

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to the be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Harley v. Suffolk Cnty. Police Dep't*, No. 09-cv-2897, 2012 WL 642431, *6 (E.D.N.Y. Feb. 28, 2012) (citing *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003)).  In order to survive a motion to dismiss for malicious prosecution the plaintiff must demonstrate that: (1) there was an initiation of a criminal proceeding by the defendant against him or her; (2) the proceeding terminated in plaintiff's favor; (3) the defendant did not have probable cause to initiate the criminal proceeding; and (4) defendant initiated criminal proceedings based on actual malice. *See Pritzker v. City of Hudson*, 47 F. Supp. 2d 303, 308 (N.D.N.Y. 1999) (citations omitted).

When a plaintiff pleads guilty to a criminal offense the proceeding does not terminate in plaintiffs favor. *See Wims*, 2011 WL 2946369, at *2.  Further, "[w]hen a charge is dismissed as part of a plea bargain, the dropped charge is not a favorable termination sufficient to support a malicious prosecution claim." *Id.* (citation omitted).  Moreover, courts have held that traffic infractions are not criminal offenses and, therefore, cannot be the basis for a malicious prosecution claim. *See Harley*, 2012 WL 642431 at *8.

In *Wims v. New York City Police Dept.*, the plaintiff was arrested for, and initially charged

10

with, Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Controlled Substance in the Fifth Degree with Intent to Sell. *See Wims*, 2011 WL 2946369, at *3. Eventually, the plaintiff pled guilty to Attempted Criminal Possession of a Weapon in the Second Degree, in satisfaction of all of the charges against him. In granting the defendant's motion to dismiss the plaintiff's malicious prosecution claim, the court held that "[w]hen a charge is dismiss as part of a plea bargain, the dropped charge is not a favorable termination sufficient to support a malicious prosecution claim." *Id.* (citing *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 418 (2d Cir. 1999)). As such, the court held that the plaintiff's guilty plea to Attempted Criminal Possession of a Weapon in the Second Degree, in satisfaction of all charges pending against him, was not a favorable termination as to the charge that was dismissed. *See id.*

Here, Plaintiff pled guilty to DWI on November 18, 2009. *See* Dkt. No. 28-1 at 51-59. When Plaintiff pled guilty to DWI, the other pending charges of aggravated unlicensed operator and resisting arrest as part of his plea agreement. *See id.* As such, those charges did not terminate in Plaintiff's favor and, therefore, do not support a claim of malicious prosecution. *See Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 196-97 (2000) (holding that "it is hornbook law that 'where charges are withdrawn or the prosecution is terminated . . . by reason of a compromise into which [the accused] has entered voluntarily, there is no sufficient termination in favor of the accused'" (citations omitted)). Moreover, Plaintiff may not bring a malicious prosecution against Defendant for the remaining traffic infractions that were subsequently dismissed. *See Harley*, 2012 WL 642431 at *8 (citations omitted).[4]

---

[4] In Plaintiff's supplemental filing, he attempts to argue that the Indictment against him was defective and that his guilty plea was, therefore, invalid. *See* Dkt. No. 34. Plaintiff, however, has not shown that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

(continued...)

11

Based on the foregoing, the Court dismisses Plaintiff's malicious prosecution claim.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part;**[5] and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Baxter for all further pretrial proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 9, 2012
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4](...continued)
called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Since Plaintiff has failed to make such a showing, pursuant to the doctrine set forth in *Heck*, Plaintiff is barred from recovering damages under section 1983 for his malicious prosecution and false arrest claims since such an award would necessarily imply the invalidity of his state-court conviction. *See Younger*, 480 F. Supp. 2d at 730 (dismissing the plaintiff's claims for false arrest, false imprisonment and malicious prosecution because, if successful, they would imply the invalidity of the plaintiff's conviction) (citing cases).

[5] As a result of this Memorandum-Decision and Order, only Plaintiff's Fourth Amendment excessive force claim remains.